NUMBER 13-08-00569-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


IN THE INTEREST OF G.M. AND X.M., CHILDREN

 




On appeal from the 25th District Court of Gonzales County, Texas.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza



 Appellant, Gabriel M., appeals the trial court's judgment terminating his parental
rights with respect to G.M. and X.M., minor children. We affirm.

I. "Frivolous Appeal" Brief

 Appellant's court-appointed appellate counsel has filed a motion to withdraw and
a brief in support thereof in which she states that she has diligently reviewed the entire
record and that "the record contains no reversible error and no jurisdictional defects are
present." See Anders v. California, 386 U.S. 738 (1967); Porter v. Tex. Dep't of Protective
& Regulatory Servs., 105 S.W.3d 52, 56 (Tex. App.-Corpus Christi 2003, no pet.) ("[W]hen
appointed counsel represents an indigent client in a parental termination appeal and
concludes that there are no non-frivolous issues for appeal, counsel may file an
Anders-type brief.").

 In her brief, counsel addresses three "possible points of error": (1) the evidence was
insufficient to support the finding that appellant's conduct endangered the physical or
emotional well-being of the children, see Tex. Fam. Code Ann. § 161.001(1)(E) (Vernon
2008); (2) the evidence was insufficient to support the finding that appellant's incarceration
rendered him unable to care for the children, see id. § 161.001(1)(Q)(ii); and (3) the
evidence was insufficient to support the finding that termination was in the best interest of
the children, see id. § 161.001(2). Counsel concludes, however, that these issues lack
merit and that any appeal in this case would be frivolous. Counsel's brief meets the
requirements of Anders as it presents a professional evaluation showing why there are no
non-frivolous grounds for advancing an appeal. See In re Schulman, 252 S.W.3d 403, 407
n.9 (Tex. Crim. App. 2008) (orig. proceeding); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).

 In compliance with High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.]
1978), counsel has carefully discussed why, under controlling authority, there are no
reversible errors in the trial court's judgment. Counsel has informed this Court that she has
(1) examined the record and has found no non-frivolous grounds to advance on appeal,
(2) served a copy of the brief and motion to withdraw on appellant, and (3) informed
appellant of his right to review the record and to file a pro se response. (1) See Anders, 386
U.S. at 744; Stafford, 813 S.W.2d at 510 n.3. More than an adequate time has passed,
and no pro se response has been filed.

II. Independent Review

 Upon receiving a "frivolous appeal" brief, we must conduct a full examination of all
the proceedings to determine whether the case is wholly frivolous. See Penson v. Ohio,
488 U.S. 75, 80 (1988); see also In re M.P.O., No. 13-08-00316-CV, 2009 Tex. App. LEXIS
103, at *3-4 (Tex. App.-Corpus Christi Jan. 8, 2009, no pet.) (mem. op.). We have
reviewed the record and find that the appeal is wholly frivolous and without merit. See
Bledsoe v. State, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of
Anders briefs, by indicating in the opinion it considered the issues raised in the brief and
reviewed the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509.

III. Motion to Withdraw

 In accordance with Anders, counsel has filed a motion to withdraw. See Anders,
386 U.S. at 744; see also In re Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State,
903 S.W.2d 776, 779-80 (Tex. App.-Dallas 1995, no pet.) ("If an attorney believes the
appeal is frivolous, he must withdraw from representing the appellant. To withdraw from
representation, the appointed attorney must file a motion to withdraw accompanied by a
brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We
grant counsel's motion to withdraw. (2) We further order that counsel must, within five days
of the date of this opinion, notify appellant of the disposition of this appeal and of his right
to pursue a petition for review in the Texas Supreme Court. See In re K.D., 127 S.W.3d
66, 68 n.3 (Tex. App.-Houston [1st Dist.] 2003, no pet.).

IV. Conclusion

 The judgment of the trial court is affirmed.


 

 DORI CONTRERAS GARZA,

 Justice



Memorandum Opinion delivered and 

filed this the 20th day of August, 2009.



1. In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to
a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. 
Rather, the response should identify for the court those issues which the indigent appellant believes the court
should consider in deciding whether the case presents any meritorious issues." In re Schulman, 252 S.W.3d
403, 409 n.23 (Tex. Crim. App. 2008) (quoting Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco
1997, no pet.)).
2. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Supreme Court, he must either retain an attorney to file a petition for review or file a pro se
petition for review. Any petition for review must be filed within 45 days after the date of either this opinion or
the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration. Tex. R. App.
P. 53.7(a). Any petition for review must comply with the requirements of Rule 53.2 of the Texas Rules of
Appellate Procedure. See Tex. R. App. P. 53.2.